996 F.2d 1225
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Branden Earl MAHAN, Plaintiff-Appellant,
v.
SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, Defendant-Appellee.
 No. 92-17000.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 2, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Branden Earl Mahan appeals pro se the district court's order granting summary judgment in favor of the Sacramento County Sheriff's Department ("Department") in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and review de novo. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992). We affirm.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. Id. at 1045. Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Taylor, 880 F.2d at 1045.
 
 
 4
 In order to establish municipal liability under section 1983, a plaintiff must demonstrate that (1) a constitutional violation has occurred and (2) the violation resulted from an official government policy or custom. Erdman v. Cochise County, 926 F.2d 877, 882 (9th Cir.1991). "A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." Davis v. City of Ellensburg, 869 F.2d 1230, 1233 (9th Cir.1989); see City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985) (plurality opinion).
 
 
 5
 Here, Mahan filed an action against the Department alleging that sheriff's deputies investigating a shooting unlawfully searched his apartment without a warrant and, following the search, medical research materials were missing from his apartment. The district court granted the Department's motion for summary judgment, holding that Mahan failed to introduce any evidence to establish that his apartment was unlawfully searched or that the search was pursuant to a municipal policy or custom.
 
 
 6
 Our examination of the record indicates that Mahan failed to introduce any evidence regarding either the alleged unlawful search or the existence of a municipal policy or custom. Accordingly, we affirm the district court's judgment. See Davis, 869 F.2d at 1233-34.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3